IN THE SUPREME COURT OF THE STATE OF NEVADA

BARRY COFFEE,
Appellant,
vs.
PERRY RUSSELL, WARDEN,
Respondent.

No. 76197

**FILED**

FEB 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying Barry Coffee's postconviction petition for a writ of habeas corpus.[1] First Judicial District Court, Carson City; James Todd Russell, Judge.

Relying on NRS 209.4465(7)(b), Coffee asserted that the credits he earns under NRS 209.4465 must be applied to the minimum term of his sentence, thus advancing the date that he is eligible for parole. The district court disagreed, concluding that Coffee currently is serving a sentence for a category B felony (trafficking in a controlled substance in violation of NRS 453.3385) and therefore NRS 209.4465(8)(d) precludes respondent from applying Coffee's statutory credits to the minimum term of his sentence. The district court also rejected Coffee's ex post facto challenge to the application of NRS 209.4465(8)(d) because Coffee committed the offense at issue in 2015, long *after* NRS 209.4465(8)(d) took effect in 2007.

Having reviewed the record, we find no error in the district court's decision. *See Williams v. Nev., Dep't of Corr.*, 133 Nev., Adv. Op. 75, 402 P.3d 1260, 1264 n.6 (2017) (noting NRS 209.4465(8)'s limitation on NRS

---

[1]This appeal has been submitted for decision on the record without briefing or oral argument. NRAP 34(f)(3), (g); *see also* NRAP 31(d)(1); *Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

19-07837

209.4465(7)(b) for certain offenses committed after the effective date of the 2007 amendments); *Weaver v. Graham*, 450 U.S. 24, 29 (1981) (explaining that one of the two "critical elements [that] must be present for a criminal or penal law to be *ex post facto* [is that] it must be retrospective, that is, it must apply to events occurring *before* its enactment" (second emphasis added)). To the extent Coffee suggests in his notice of appeal that NRS 209.4465(8)'s exceptions to NRS 209.4465(7) are unfair because offenders are not all treated the same, we disagree for the reasons expressed by the Nevada Court of Appeals in *Vickers v. Dzurenda*, 134 Nev., Adv. Op. 91 at 3-8 (Ct. App. 2018) (discussing and rejecting equal-protection challenge to 2007 amendments to NRS 209.4465). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc: Hon. James Todd Russell, District Judge
Barry Coffee
Attorney General/Carson City
Carson City Clerk

